THE STATE, EX REL. FREDERICK T. CRANE, RELATOR, v. ISAAC SHOENTHAL, MAYOR OF THE CITY OF ORANGE, RESPONDENT.

Submitted March 19, 1908—Decided June 8, 1908.

A city engineer, serving at a stated salary, agreed with a standing committee of the council having the matter in charge, to undertake the additional work of plans and specifications for and superintendence of the construction of a new water works, upon the assurance by that committee that they would advocate and endeavor to obtain an increase of his salary to compensate for such additional work. Such increase having been later awarded, to take effect at the beginning of the extra services—*Held*, that the mayor was not justified in refusing to sign a warrant therefor, and that an alternative writ of *mandamus* would issue to compel him to do so.

---

On rule to show cause why a writ of *mandamus* should not issue.

Before Justices REED, PARKER and VOORHEES.

For the relator, *McCarter & English.*

For the defendant, *Smith & Dugan.*

The opinion of the court was delivered by

Parker, J.   The relator, while city engineer of the city of Orange, undertook the preparation of plans and specifications and supervision of the work of building a new water works of that city, to cost in the neighborhood of $200,000, and began to do this work about September 1st, 1906, under an understanding with the water committee that as this work was considered somewhat outside the scope of his regular duties as such engineer, the committee would recommend the council to give him an increase of salary of $1,200 per year, so long as the extra work continued.   Such a resolution was passed by the common council in March, 1907, but vetoed by the mayor, and subsequently repassed over his veto early in May, 1907.   This resolution provided that the increased salary should begin on September 1st, 1906, thus awarding the sum of $600 of back pay for the months from September to February, inclusive. A warrant was drawn for this $600 and presented to the mayor for his signature, which was required by law before the warrant could be paid.   The mayor refused to sign it, and the present rule was made upon him to show cause why he should not be directed to do so.   In opposition to the rule it is urged, and correctly, that a public official who is paid a salary is not entitled to claim extra pay because of an increase in the duties of his office, but has the opportunity of resigning if he finds those duties too onerous.   It is also urged that the conversations and understanding with the water committee constituted no contract and in no way binding upon the city.   This is also true.   The merit of the relator's case, however, lies in the fact that he did not undertake the increased duties until it had been suggested and practically arranged that the water committee would recommend an increase of salary in consideration of his performing them.   At that time the question of employing an outside engineer to attend to these duties was under consideration; so that so far at least as the water committee is concerned it was fully recognized that the work in question was outside the scope of the relator's duties as city engineer. In all probability he need not have performed those duties if he had not been willing to undertake them and the city would

then have employed an outside engineer. Naturally, he was willing to consider an additional employment in view of the increase of salary. But the option of undertaking these new duties or resigning was never presented to him at all. He was never told that he would have to perform them, and without doubt would never have undertaken them without the assurance on the part of the committee that they would recommend and endeavor to obtain for him an increase to date from the beginning of his work. While such an obligation creates no obligation on the part of either the committee or the council, it seems to us that it furnishes a valid consideration and a legal basis for the adoption by that council of a resolution awarding the increase to date from the beginning of the extra work.

We are therefore of opinion that a *mandamus* should issue; but in order to preserve a right of review on the part of the respondent the writ will be in the alternative form.