THE STATE, EX REL. PHILIP S. LEONARD, RELATOR, v. MICHAEL I. FAGEN, CITY CLERK.

THE STATE, EX REL. EDWARD COUGHLIN, RELATOR, v. MICHAEL I. FAGEN, CITY CLERK.

THE STATE, EX REL. WILLIAM MAXWELL, RELATOR, v. MICHAEL I. FAGEN, CITY CLERK.

Argued February 24, 1908—Decided June 8, 1908.

Under a law providing that a police board shall not increase the pay of the members of the department beyond the pay authorized by law, and where such pay has been fixed by law, the detailing by such board of an officer to perform the duties of an office which carries with it a higher salary, is not a promotion, and such acting officer will not be entitled to an increase of salary.

On rule to show cause for *mandamus*.

Before Justices REED, PARKER and VOORHEES.

For the relators, *J. Merritt Lane.*

For the defendant, *James J. Murphy* and *John Milton.*

The opinion of the court was delivered by

VOORHEES, J. These three cases are rules to show cause why writs of *mandamus* should not go commanding the clerk of Jersey City to sign warrants to Maxwell for $111.42, to Leonard for $267.02 and to Coughlin for $291.80.

Maxwell, a roundsman in the Jersey City police force, on December 7th, 1906, was assigned to duty by the board of police commissioners as a detective-sergeant, no change in pay being mentioned, and so acted till July 1st, 1907, when he was regularly promoted, by resolution of said board, to the rank of detective-sergeant.

Leonard, a roundsman, on April 3d, 1907, was, by resolution of the same board, detailed as acting inspector, and so acted till July 1st, 1907, when he was regularly promoted to the rank of captain and detailed as acting inspector with inspector's pay.

Coughlin, a sergeant, on December 7th, 1906, was, by said board, assigned to duty as acting captain, with same pay as before, and did so act till the 1st day of July, 1907, when he was promoted to the rank of captain.

The above warrants were drawn, respectively, for the difference in pay between the actual rank of the parties in whose favor they were drawn, respectively, and the pay of the positions in which they were assigned to act, for the respective periods between dates of their special assignments and July 1st, when they were all promoted.

The question arises as to the power of the police board to make these payments. The act of 1889 (*Pamph. L., p.* 199, § 21) provides that the police board shall not increase the pay of

the members of the department beyond the pay authorized by law. If they sought to do this indirectly by establishing a rank which does not exist in legal contemplation, namely, acting sergeant, acting captain, and acting inspector, the attempt must prove ineffectual. The detailing of an officer to perform the duties of an office which carries with it a higher salary is not a promotion to such office and rank. Otherwise, the subsequent promotions by resolution of these very men to a higher rank would have been unnecessary. See, also, *Pamph. L.* 1889, *p.* 402; *Pamph. L.* 1905, *p.* 132, which were in force in Jersey City.

Inasmuch as the relators had not been, in fact, promoted to the rank in which they were acting, they were not entitled to the increased pay, and the police board was without authority to award them the higher compensation. The clerk, therefore, was justified in his refusal to sign the warrants. *Langstaff* v. *Daly,* 20 *Vroom* 403, and cases cited.

The rules to show cause should be discharged.