CHARLES McDEVITT, PLAINTIFF AND APPELLANT, v.
MAYOR AND ALDERMEN OF JERSEY CITY, DEFEND-
ANT AND APPELLEE.

Argued November 9, 1908—Decided February 23, 1909.

The assignment of a police officer to the duties of a higher rank does
not entitle him to the pay of that rank, nor, in the absence of a
legal contract or an enabling statute, to any extra pay for the
increased responsibility and duties of such assignment.

On appeal from First District Court, Jersey City.

Before Justices GARRISON, PARKER and VOORHEES.

For the appellant, *J. Merritt Lane.*

For the appellee, *John Milton.*

The opinion of the court was delivered by

PARKER, J. The facts in this case are, for the most part,
similar to those in the three applications for *mandamus* of
*Leonard v. Fagen,* 47 *Vroom* 431. The present appellant, in-
stead of applying for a *mandamus* on the city clerk to sign
a pay warrant, brought suit against the city in a District
Court. The first item of his claim was awarded to him by
the court below and is not now in question. He appeals from
the judgment against him as to the second item of $216.64.

Appellant on December 7th, 1906, was a police sergeant in
Jersey City. On that date the board of police commissioners
by order assigned him as captain to the second precinct,
stipulating in the order that the detail was temporary and
determinable at pleasure of the board, and that during the
detail the "said officers" should "be paid the salary of the
position held before." Appellant entered on the duties of
captain under this order and performed them until July 1st,

1907, when he was promoted to the rank of captain. It is stipulated that his detail was to take the place of a captain suspended under charges, and that no one received captain's pay in place of the suspended officer from February 28th to July 1st, 1907. On November 22d, 1907, the police board passed a resolution, approved afterwards by the mayor, awarding to appellant $216.64, the difference between a sergeant's and a captain's pay from February 28th to July 1st, 1907, part of the time he had served as acting captain. The city clerk refused to draw a warrant for this sum though there were funds to meet it, and the appellant brought suit as stated.

We fail to see any substantial difference between the circumstances in this case and those in *Leonard* v. *Fagen, supra,* or anything to take the case out of the general rule that a municipal officer having a fixed salary is not entitled to extra compensation for an increase of his official duties in the absence of a statute or contract providing for such increase.

There was no such contract. The order assigning appellant to duty as captain gave specific notice that no extra pay was contemplated. It is claimed that this reservation was without authority of the board, but even if it be disregarded there is nothing to show the contrary, and the burden of proving such contract was on appellant. In *Crane* v. *Shoenthal,* 47 *Vroom* 378, there was an express understanding for increased pay by virtue of which a city engineer was induced to undertake duties for which otherwise outside engineers would have been paid. In *Evans* v. *Trenton,* 4 *Zab.* 764, the extra duties were held altogether outside the scope of the office. In the present case the appellant was merely performing the duties of the next higher rank, as is done constantly in the army, for example, and for which only since 1898 the pay of the superior rank has been allowed by statute. 30 *U. S. Stat. at L.* 364; 31 *Id.* 211. The resolution of November 22d, 1907, was not a contract, for the services had been performed long before.

Nor was there any authority in law for the resolution of November 22d. If it be regarded as a gratuity it was clearly beyond the power of the board; if we look at it as a salary for a new officer, viz., acting captain, we are met by the ab-

sence of any provision of law for either the creation or pay of such office. Whatever the duties performed by appellant, he remained a sergeant until his promotion on July 1st. *Leonard* v. *Fagen, ubi supra.* Nor was it an increase in the salary of sergeant. Appellant claims that it was not, and we agree with him. If it were so claimed, then, as we construe the acts of 1889 (*Pamph. L., p.* 402) and 1905 (*Pamph. L., p.* 132), adopted by Jersey City, especially the latter, an increase in pay in sergeants should apply to all sergeants and not merely to one who had been singled out for such increase.

The judgment of the District Court respecting the claim of $216.64 was correct, and will be affirmed, with costs.